Davis, J.,
delivered the opinion of the court:
The 10th day of June, 1890, plaintiffs and defendants con- *438 traoted that the former should bore a well for fresh water .at Fort Schuyler, N. Y., where the East Elver and Long Island Sound join. Fresh water was not obtained from this well at the depth where it was expected. The boring was unsuccessfully continued at considerable cost'to the contractor until the defendants decided to abandon the scheme. A depth of 537 feet had then been reached. For extra cost due to the unexpected depth of the well this action is brought.
"The first article of the contract requires plaintiffs to sink an artesian well at Fort Schuyler, while the second article, more important to our present purpose, provides—
“That the party of the second part shall case the well from the surface of the ground to the solid rock with a drill pipe ten inches in diameter, weighing forty pounds to the foot, the drill pipe to be carried into the rock sufficiently to carry off all surface water. Clause Y of the specifications alludes to ‘sufficiency of water’ and ‘a free and sufficient supply of water.’”
It appears, then, that plaintiffs were to sink an artesian well down to and into the solid rock and to case it with a drill pipe which was “to be carried into the rock sufficiently to carry off all surface water.” It does not appear that they contracted to sink a well which would furnish fresh water; they were simply to sink an artesian well to and into the solid rock, to case this well with a certain drill pipe which was to be carried into the rock sufficiently to carry of all surface water. This the findings show was done. The work below this point was not embraced in the contract, as'it was not necessary “to carry off all surface water,” but was done at defendants’ request to shut off a kind of water which was not surface water, but was objectionable to defendants.
Judgment for plaintiffs in the sum of $2,121.72.